IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL BROWN § | | |
| (BOP Register No. 76273-083), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:19-cv-1706-B-BN |
| § | | |
| WARDEN UNDERWOOD, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Daniel Brown, a federal prisoner, incarcerated at a Bureau of Prisoners ("BOP") facility in this district but convicted of child-pornography offenses in the Western District of Virginia, *see United States v. Brown*, No. 3:10CR00016-1 (W.D. Va. 2011), *aff'd*, 701 F.3d 120 (4th Cir. 2012), sent a *pro se* letter to the Court requesting compassionate release or, alternatively, that he serve the balance of his sentence in a halfway house. *See* Dkt. No. 3; *see also* Dkt. No. 4. His letter was construed as a 28 U.S.C. § 2241 petition. And this resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

Taking first Brown's alternative request for release to a halfway house, *see* Dkt. No. 3 at 4, "Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence,'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United*

*States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And a prisoner's challenge "to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and therefore "may be raised under § 2241." *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *Cleto*, 956 F.2d at 84, and vacating district court's dismissal, for lack of subject matter jurisdiction, of a habeas petition raising such a claim).[1]

> Three statutes govern the *discretion* of the [BOP] to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement.

*Ward v. Bureau of Prisons*, No. 3:19-cv-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (quoting *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2 (W.D. Tex. Jan. 29, 2019); emphasis in *Burg*), *rec. adopted*, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

The decision whether – and, if so, for how long – to place an inmate in a

---

[1] *See also Ragsdale v. Caraway*, No. Civ.05-1596(MJD/JJG), 2006 WL 44017, at *3-*4 (D. Minn. Jan. 6, 2006) ("Common practice indicates that the issue of placement in a halfway house is frequently heard under § 2241." (collecting cases)); *Mangiardi v. Fed. Bureau of Prisons*, No. 4:09-cv-1602, 2009 WL 4544747, at *3 (M.D. Pa. Nov. 30, 2009) ("[C]hallenges to decisions to exclude an inmate from release to a Residential Reentry Center ('RRC') ... are appropriately raised under § 2241." (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005))).

residential reentry center ("RRC") – a halfway house – is committed to the BOP under statutory authority. *See, e.g., Meade v. Maiorana*, No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015) (noting that Section 3624(c) "does not automatically entitle an inmate to placement in an RRC. Notwithstanding Meade's claims to the contrary, the statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12-month period." (citation omitted)).

And the First Step Act did not alter this commitment. *See, e.g., United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief." (emphasis in original)).

For these reasons, it plainly appears that Brown is not entitled to habeas relief based on his alternative request for judicially-imposed placement in a halfway house.

Turning to Brown's primary requests, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, which now "allows a federal prisoner to file a motion for compassionate release after exhausting all administrative appeals of a refusal by the BOP to bring such a motion on the prisoner's behalf." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (citations omitted). Assuming Brown's motion is administratively exhausted, he may not request this relief from this Court. *See id.* ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court." (citing 18 U.S.C. § 3582(c)(1)(A); collecting cases)).

The Court does, however, possess the authority to transfer this aspect of his Section 2241 petition to the Western District of Virginia. *See* 28 U.S.C. §§ 1406(a) & 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631.").

And the Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

But Brown's court of conviction has considered and denied a previous similar request by him. *See Brown*, No. 3:10CR00016-1, Dkt. No. 214 (W.D. Va. Nov. 9, 2018) ("Defendant moves for compassionate release to support his children (two of whom he says are under 18) after the death of his wife. The Court has no authority to make a compassionate release determination on its own, or to review such a request not initiated by the Bureau of Prisons. Defendant alternatively asks the Court to reconsider its prior rulings or to reduce his sentence. Defendant's numerous previous motions for early release or a sentence reduction have all been denied by this Court and affirmed by the Fourth Circuit. The Court finds no basis to reconsider those rulings, and the Court lacks authority to reduce Defendant's sentence on the facts presented." (footnote omitted)).

The Court should therefore dismiss Brown's request for compassionate release for lack of jurisdiction.

## Recommendation

The Court should dismiss Petitioner Daniel Brown's request for compassionate release for lack of jurisdiction and should deny his alternative request for court-ordered release to a halfway house.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE